CITY OF MANKATO *vs.* JOHN A. ARNOLD.

November 9, 1886.

**Criminal Law—Complaint for Selling Liquor without License.**—A complaint for selling intoxicating liquors without a license, which substantially follows the language of the statute or ordinance under which the prosecution is brought, is sufficient.

**Constitution—Jury Trial—Violation of Municipal Ordinance.**—It is competent for the legislature, in establishing municipal courts, to provide for the trial and hearing of complaints and causes involving merely the violation of municipal ordinances in a summary manner without a jury. As respects such prosecutions, the act establishing the municipal court of the city of Mankato (Sp. Laws 1885, c. 119) is constitutional.

The defendant was arrested and brought before the municipal court of Mankato, upon a charge of violating an ordinance of the city, by a sale of intoxicating liquors in a less quantity than five gallons. A motion to dismiss for insufficiency of the complaint having been denied, the defendant demanded a jury trial which was refused. The action was thereupon tried by the court, and the defendant was found guilty, and he appeals from the judgment.

*M. D. L. Collester,* for appellant.

*James Brown,* for respondent.

VANDERBURGH, J. This is not a prosecution by the state, or in the name of the state, but for the violation of an ordinance of the city of Mankato. The ordinance in question prohibits any person from selling, disposing of, or dealing in any spirituous, vinous, fermented, or intoxicating liquors within the limits of the city, without a license as therein provided. The defendant had no license, and a sale was made by his daughter, in his absence, of several bottles of lager beer. The complaint simply stated that the defendant did unlawfully sell and dispose of intoxicating liquors to the party named, in a less quantity than five gallons, at a time and place mentioned, contrary to the ordinance, etc. The defendant moved to dismiss, on the ground that neither the complaint nor warrant stated the kind or quantity of intoxicating liquor sold.

The motion was properly denied. It is sufficient, in such cases, as a general rule, to follow the language of the statute or ordinance. *State* v. *Heck,* 23 Minn. 549, and cases cited.

2. The case was tried without a jury, which was not waived, but was expressly demanded, by the defendant. The court held that a jury was not required in municipal cases involving merely a violation of the ordinances of the city. The act establishing the municipal court of Mankato, in which the case was tried, (Sp. Laws 1885, c. 119,) evidently does not contemplate jury trials in such cases. This is not disputed. And in this respect the defendant claims it to be unconstitutional. It requires the judge to proceed to hear and dispose of, in a summary manner, all causes brought before him for the violation of the ordinances, regulations, or by-laws of the city, as well as of the criminal laws of the state, in Blue Earth county; and, in

addition to its special municipal jurisdiction, it is given jurisdiction to hear all complaints, and conduct all examinations and trials, in criminal cases cognizable by a justice of the peace.

The provisions of the constitution which relate to the subject are article·1, § 4, which is intended to preserve and continue the right of trial by jury as already existing when the constitution was adopted,. and section 6, which guaranties the right of trial by jury in all "criminal prosecutions." As respects prosecutions for offences against the municipal authority simply, the provisions of the act referred to violate neither of these sections. Before the adoption of the constitution, and generally in this country and in England, except where otherwise expressly ordained by legislative enactment or constitutional provisions, the prevalent practice and rule was to dispense with jury trials in municipal prosecutions for the violation of ordinances. *Byers* v. *Com.*, 42 Pa. St. 89; 1 Dill. Mun. Corp. (3d Ed.) § 428, (358;) Proffatt on Trial by Jury, § 84.

Offences against ordinances enacted by a municipal corporation, in the exercise of its legitimate police authority, for the preservation of the peace, good order, health, or morals of the community, are not generally construed to be criminal cases, in the proper sense of the term "criminal," and the prosecutions therefore are not "criminal prosecutions" within the meaning of the constitution, which refers to prosecutions for offences essentially criminal under the general laws of the state. This distinction was noticed in *State* v. *Lee*, 29 Minn. 445, 459, (13 N. W. Rep. 913.)

Under the charter in question the municipal court has also jurisdiction of criminal cases cognizable by a justice of the peace, as before stated, and, of course, could entertain and try a complaint for a violation of the statute forbidding the sale of intoxicating liquors without a license from the county commissioners; and in such and other cases, under the general laws, doubtless a jury would be required unless waived. But the offence here charged does not involve or include a violation of the general laws of the state. It is peculiarly an offence against the municipal ordinance. Where a license is issued under the charter of the city, (Sp. Laws 1868, c. 27, *subc.* 4, p. 124,) it is full permission to sell, subject to the conditions of the charter,.

and, of course, in such case no license from the county is required, under the state law, within the municipal jurisdiction. But an offender against the ordinance is not exempt from prosecution because licensed by the county authorities. In such cases there could be no offence against the general law, but against the city only. But, where no license is procured from either jurisdiction, we are not to be understood as holding that the state may not prosecute if the city does not. A city may be clothed with plenary power to regulate and prescribe reasonable conditions under which certain kinds of business, as that of auctioneers, druggists, dealers in spirituous liquors, etc., may be conducted; and its right to enforce its lawful ordinances, in respect to the same, by appropriate penalties, is not, we think, affected by the existence of general statutes upon the same subject, in which the state undertakes to regulate and restrict the same kinds of business, and to provide penalties for infractions of such statutes.

Prosecutions for offences against municipal by-laws, which in cities, from the number and nature of such cases, must necessarily be summary to be effective, are on the same footing with prosecutions for petty offences which in some jurisdictions are summarily tried, and a jury held not to be required, even though the penalty be a limited imprisonment. *People* v. *Justices, etc.,* 74 N. Y. 406. In respect to the matter last suggested, Mr. Dillon says (1 Mun. Corp. § 427 [357]) that such penalty does not necessarily make the case one to which the right to a jury trial extends. The question depends rather upon the intrinsic nature of the offence. Proffatt on Trial by Jury, § 95; *Flint River Steamboat Co.* v. *Roberts,* 2 Fla. 102, (48 Am. Dec. 178, 191;) *Byers* v. *Com., supra;* *Commissioners, etc.,* v. *Morrison,* 22 Minn. 178.

We think, therefore, it was in the power of the legislature to provide for a summary trial and disposition of this class of cases. In the establishment of such courts, it may provide for a jury or not, in its discretion, as respects municipal cases.

3. It is also contended that the sale was made without the knowledge or authority of the defendant. But we think there was evidence sufficient to sustain the finding of the court. Defendant's daughter seems to have been frequently left in charge of his (defendant's) place

v.36m—5

of business to serve customers. The complaining witness had several times before bought beer there, sometimes of her, and sometimes of defendant. She had, by defendant's directions, frequently delivered beer to parties in his absence, and had done so the day of the sale in question. He testifies that his daughters sometimes did business of this kind on his order, and sometimes not. He does not deny that they had made previous sales. The complaining witness returned the empty bottles to defendant himself, the same day. The beer was paid for when purchased, and his daughter, who made the sale, testifies that she put the money "in the drawer, where we always put it." Without going further into the details of the evidence, we think it quite clear that there was sufficient to warrant the conclusion that she had authority to act for the defendant in the sale of the beer in question, and that both she and the complaining witness would have a right to so understand it. Under the circumstances as previously shown to exist, we do not think it material that he testified (or would have done so) that he subsequently reprimanded his daughter for making the sale in question.

Judgment affirmed.