STATE OF MINNESOTA *vs.* ANDREW· LARSON.

January 21, 1889.·

Justice of Peace—Criminal Jurisdiction—Costs.—The costs of prosecution, which follow conviction in some criminal causes, are no part of the fine mentioned in section 8, article 6, of the constitution, which prescribes the jurisdiction of justices of the peace.'

Same—Sale of Liquor without License.—And said justices are not deprived of the power to hear and finally determine criminal cases arising under the various laws of the state regulating the sale of intoxicating liquors, (if otherwise possessing jurisdiction,) by the fact that a person convicted of such violation is by statute unable to procure a license for the sale of such liquors for at least 12 months thereafter.

This action was certified to this court from the district court for Fillmore county, by *Farmer,* J., after a denial of defendant's motion to dismiss upon the ground that the city justice had no jurisdiction to determine the action.·

*Moses E. Clapp,* Attorney General, for the State.

*C. N. Enos,* for defendant.

COLLINS, J. The defendant was charged with the crime of selling liquor to an habitual drunkard. Upon trial before a city justice, whose jurisdiction was the same as that of an ordinary justice of the

peace, he was convicted and sentenced to pay a fine of $25 and the costs of prosecution, taxed at $105.06; whereupon he appealed to the district court, which certifies to us, by virtue of the provisions of Gen. St. 1878, c. 117, § 11, the objection made by defendant, and overruled in both courts.

1. The statute, (Laws 1887, c. 81, § 1,) under which this prosecution was had, prescribes as punishment for the offence a maximum fine of $100 and costs of prosecution, or imprisonment in the county jail not more than 90 days, or until the fine and costs are paid, not to exceed 90 days. By the constitution of the state, a justice of the peace cannot exercise jurisdiction in any criminal cause where the punishment shall exceed three months' imprisonment or a fine of more than $100. So that it must stand admitted that, if the costs of prosecution are a part of the fine, a justice cannot take cognizance of this class of criminal offences, except as a committing magistrate. That part of this same section of our fundamental law relating to civil actions has been construed in *Watson* v. *Ward*, 27 Minn. 29, (6 N. W. Rep. 407,) wherein it was held that the words "amount in controversy" had reference to the subject of the litigation, and not to the costs, which are but incidental. There are several reasons for such conclusion, and for saying that the costs of prosecution in criminal causes are but a mere incident, and no part of the fine proper contemplated by the framers of the constitution. A cogent ground for such ruling is that the right of a justice to proceed in civil actions, where costs always accrue to the successful party, or in criminal cases, where by statute costs follow a conviction, must be capable of determination at the outset of the proceeding, and not at its termination, which would invariably be the result if the jurisdiction could be permitted to depend upon the amount of costs which might accumulate during trial. To illustrate by the case at bar: The minimum fine is $25. If the costs had not exceeded $75, the justice could have safely proceeded to final judgment. As they amounted to over $100, the justice lost, or perhaps, more strictly speaking, never had, jurisdiction.

2. Laws 1887, c. 6, § 2, prohibits the issuance of license to any person who has, within the 12 months immediately preceding an ap-

plication therefor, been convicted of a violation of any law of the state, or any municipal ordinance regulating the sale of intoxicating liquors. If we comprehend the position of defendant's counsel in regard to this interdiction, and other stringent provisions of the so-called "liquor laws" of the state, (not specially pointed out by him, but of which we take notice,) it is that they amount to punishment, and for that reason justices are ousted of jurisdiction. This claim is wholly without merit. The constitutional inhibition, (which is recognized by Gen. St. 1878, c. 65, § 140,) bears upon and controls the matter of fine and imprisonment to be imposed by the court, and not the consequences of its judgment. Nor is the disability which attaches for a specified period of time, during which a party declared guilty of violating the law is unable to secure license, a part of the punishment in any greater or other sense than is that loss of social or financial standing and reputation which is the usual result of conviction of crime.

The case is remanded to the district court for further proceedings.