### STATE v. AMANDA NELSON.[1]

December 14, 1923.

No. 23,655.

**Conviction for keeping disorderly house sustained.**

When charged with violation of municipal ordinance, defendant not entitled to jury trial; less proof required than in case of violation of criminal statute; and evidence clearly established defendant was keeper of disorderly house. [Reporter.]

Defendant was arraigned in the municipal court of Minneapolis, charged with keeping a disorderly house, tried before Reed, J., who denied her motions to dismiss and found her guilty of the offense charged. From the judgment rendered against her, defendant appealed. Affirmed.

*Thomson & Williams,* for appellant.

*Neil M. Cronin,* City Attorney, and *Luther W. Youngdahl,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendant was convicted of running a disorderly house in the city of Minneapolis, contrary to an ordinance. She appeals. The errors assigned are: (a) The evidence did not prove guilt beyond a reasonable doubt; and (b) the only evidence of defendant's connection with the house was her admission that she ran it.

[1]Reported in 196 N. W. 279.

This being a quasi criminal prosecution under an ordinance, sections 8462 and 8463, G. S. 1913, are not applicable. In State v. Lee, 29 Minn. 445, 457, 13 N. W. 913, it was said of an ordinance against operating a house of ill-fame "this ordinance is satisfied with a less degree or quantity of evidence than is required on the trial of the offense under the general law, (which must be beyond reasonable doubt)." A defendant is not entitled to a jury trial when charged with an offense under a municipal ordinance. City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Grimes, 83 Minn. 460, 86 N. W. 449. In State v. Robitshek, 60 Minn. 123, 124, 61 N. W. 1023, 33 L. R. A. 33, it is said: "It has repeatedly been decided by this court, as it has elsewhere, that municipal ordinances are not criminal statutes; that violations thereof are not crimes, nor are such violations governed by the rules of the criminal law, save in certain specified exceptional particulars." The evidence clearly established the house in question to have been a disorderly house. Its reputation was bad; it was frequented at all hours of the night by men and also women; drunken persons would issue therefrom; revelry and profanity were heard by passers on the street until the small hours of the morning; and when, after midnight, on the date the arrest was made, the officers entered, 5 persons were found drinking and carousing in one room, with defendant in an adjacent room, the door being open, lying on a bed, almost wholly undressed kicking, cursing and swearing in a maudlin way.

Defendant's counsel seem to argue that there was no proof of the corpus delicti except by defendant's admission. He is in error. The corpus delicti was the existence of a disorderly house. And, as to defendant being the one concerned in its operation, her admission, corroborated by the fact that she was found therein under the condition stated, was amply sufficient to support the conviction.

Judgment affirmed.