STATE EX REL. JOHN L. CONNOLLY v. CLAYTON PARKS.[1]

May 14, 1937.

No. 31,389.

*John L. Connolly, Irving Gotlieb,* and *James F. Sullivan,* for petitioner.

*Clayton Parks, pro se.*

[1]Reported in 273 N. W. 233.

HILTON, JUSTICE.

This matter is before us upon the return to a writ of prohibition issued to the Honorable Clayton Parks, one of the judges of the municipal court of the city of St. Paul, ordering him to show cause why the writ should not be made absolute. The question involved is the right of the respondent to grant a jury trial to one Nels Damsgaard, who was charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor in violation of St. Paul Ordinance No. 6856, § 3, or to any other person charged with a similar offense. Respondent granted the demand of counsel of said Damsgaard for a jury trial, and then continued the case to permit relator to make this petition.

The provisions of the Minnesota constitution involved are art. 1, § 4: "The right of trial by jury shall remain inviolate * * *" and § 6: "In all criminal prosecutions the accused shall enjoy the right to a speedy, public trial, by an impartial jury * * *." We have repeatedly held, however, that these provisions of the constitution were not intended to, and did not, cover the multitude of so-called petty offenses arising under municipal ordinances and that there is no right to a jury trial in such cases. City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Grimes, 83 Minn. 460, 86 N. W. 449; State v. Broms, 139 Minn. 402, 166 N. W. 771; State v. Nelson, 157 Minn. 506, 196 N. W. 279. And we have construed § 7 of Sp. L. 1889, c. 351, the statute creating and defining the powers of the municipal court of St. Paul, which provides that offenses such as the one with which Damsgaard is charged *shall* be heard and disposed of by the judge in a summary manner, to mean that such offenses shall be tried without a jury. City of St. Paul v. Robinson, 129 Minn. 383, 152 N. W. 777, Ann. Cas. 1916E, 845. We do not think that in this respect § 7 has been repealed or amended by any later statutes relating to that court.

Respondent contends, however, that at the time of the passage of the ordinance under which Damsgaard was charged there existed a state statute covering the same subject matter as the ordinance;

that persons charged with violating the statute were entitled to a jury trial; and that it thus being the established mode of procedure to grant such trials as a matter of right when the ordinance was passed that right could not be impaired, and persons charged with a violation of the subsequently passed ordinance were entitled to a jury trial as a matter of right.

Prosecution and conviction for an offense violating an ordinance does not bar a prosecution of the same act by indictment under a state statute. State v. Lee, 29 Minn. 445, 13 N. W. 913. And a person tried for violation of an ordinance is not entitled to a jury trial although the ordinance is but a reiteration of the provisions of a statute covering the same offense, and although the person charged would be entitled to a jury trial if prosecuted under the statute. State v. Nugent, 108 Minn. 267, 121 N. W. 898; State ex rel. Strupp v. Anderson, 165 Minn. 150, 206 N. W. 51. This latter rule does not depend upon whether or not the statute was enacted before or after the ordinance was passed. It is true, the rule is often stated that a person charged with an offense is entitled to a jury trial if he would have been entitled to such a trial for the same offense according to the "established modes of procedure as theretofore practiced." See City of St. Paul v. Robinson, 129 Minn. 385. Upon an examination of the authorities, however, it seems clear that the words quoted refer to and mean the established modes of procedure as they existed at the common law and prior to the adoption of the constitution, and not as they have been since its adoption, under the statutory enactments of the state. See State ex rel. Erickson v. West, 42 Minn. 147, 43 N. W. 845; 39 Harv. L. Rev. 917. In the article last cited, on page 980, it is stated (referring to the time before the adoption of the federal constitution):

"Broadly speaking, acts were dealt with summarily which did not offend too deeply the moral purposes of the community, which were not too close to society's danger, and were stigmatized by punishment relatively light."

The offense with which Damsgaard is charged is of just such a nature. It is a matter of local concern. State v. Hughes, 182

Minn. 144, 233 N. W. 874. It neither involves such moral turpitude as would remove it from that class of cases in which there is no right to a jury trial, nor is it of such a serious nature that it should be given the character of a common-law crime or major offense.

Respondent contends that because of the nature of the punishment provided for violations of the ordinance in question it cannot be classed as a petty offense, but must be considered to be of such a serious nature as to entitle alleged violators to a jury trial. The punishment prescribed in the ordinance is a fine of not exceeding $100 or imprisonment for not over 90 days. On this particular point it is only necessary to refer to a recent case before the United States Supreme Court in which a similar claim was made and in which the maximum imprisonment for the offense involved was 90 days. District of Columbia v. Clawans, 300 U. S. 617, 57 S. Ct. 660, 81 L. ed. 613. In its opinion, filed April 5, 1937, the court discusses the authorities at length and concludes that a summary punishment of 90 days, permissible when the constitution was adopted, is permissible now. We do not understand that respondent seriously claims that the punishment of imprisonment for a maximum of 90 days is such a serious punishment as to remove the offense in question from the class of petty offenses for which there is no right to a jury trial. However, a conviction of a violation of the ordinance with which we are here concerned may also result in a revocation of the driver's license of the defendant. Respondent claims that this is punishment, and, when coupled with the penalty prescribed by the ordinance, the offense is no longer in the class of petty offenses. In State v. Harris, 50 Minn. 128, 52 N. W. 387, 531, it was held that the revocation of a license upon conviction of an offense did not constitute "punishment" within the meaning of that word in the provision of the constitution relating to the jurisdiction of justices of the peace. What was said there applies with equal force in the instant case. The revocation of a license in such a case is an incidental consequence and is not to be considered as punishment for the offense.

This disposes of respondent's claims. It follows that he should be restrained from granting jury trials in this class of cases.

Writ made absolute.