Harold P. Kelly, J.
The court heretofore by memorandum, dated December 21, 1965, has decided that a question of fact has arisen as to whether or not the petitioner has complied with the condition precedent of reporting the alleged “ hit-and-run accident ” to the police within 24 hours or as soon as reasonably possible and required by sections 618 and 608 of the Insurance Law. Both respondent and petitioner agree that a hearing should be had to determine this question of fact, but they are unable to agree as to whether or not the respondent is entitled to a jury trial on the question.
It appears from the papers submitted that the petitioner is a ‘ ‘ qualified person ’ ’ under article 17 of the Insurance Law, rather than an “ insured ” person.
If the petitioner was an “insured” person the respondent would be entitled to a jury trial of the preliminary question. (Matter of Rosenbaum [Amer. Sur. Co., N. Y.], 11 N Y 2d 310, 313; Matter of MV AIC [Stein], 23 A D 2d 526; Matter of Andolina [MV AIC], 23 A D 2d 958.) The Fourth Department of the Appellate Division in the Stein case in commenting on the Rosenbaum ease points out that under section 1450 and subdivision 2 of section 1458 of the Civil Practice Act the parties to an arbitration agreement had the right to a jury trial on the issue of failure to comply with a contract to arbitrate. The Appellate Division further points out that although the specific provisions (for a jury trial) of sections 1450 and 1458 are omitted from the CPLR that the new arbitration provisions of the CPLR were not intended to eliminate trial by jury if it is desirable or constitutionally required, citing Weinstein-Korn-Miller, N. Y. Civ. Prac. In the Andolina case the Appellate Division, in explaining its decision in the Stein case, points out that it seemed in that case “ that a jury trial was desirable although not constitutionally required. That decision [Stein case], therefore, is not authority that a jury trial may be had as a matter of right in every MV AIC case of this type.” (Bracketed information added.)
This court has been unable to find any authority in point as to the desirability of or right to a jury trial by a qualified *974 person of the preliminary question arising under an application made pursuant to section 618 of the Insurance Law.
The' petitioner in support of her position that the hearing be held by the court without a jury asserts that the following language of section 618 of the Insurance Law is most persuasive: “ the court may proceed upon an application, in a summary manner, and may make an order permitting the applicant to bring such an action- against the corporation when the court is satisfied, upon the hearing of the application ”, (Emphasis added.)
It is the opinion of the court that the use of the words “in a summary manner” shows a legislative intent that the court should determine the application in a short, concise and immediate proceeding. In City of St.. Paul v. Robinson (129 Minn. 383). and State ex rel. Connolly v. Parks (199 Minn. 622) the court in interpreting a statute that directed Judges of the Municipal Court to hear and dispose of violations of city ordinance in a “ summary manner ”, held that the words meant that such cases be disposed of without jury trial.
CPLR 4101 in providing for a jury trial of issues of fact, unless waived, would appear to require the jury trial in “an action” and not in the preliminary procedures leading up to the action. It should be pointed out that in the present matter no action has been commenced and the petitioner is merely seeking permission to bring an action. In Bux v. Robinson (199 N. Y. S. 2d 619, 621, revd.. on other grounds 216 N. Y. S. 2d 2) the court says: “ Section 425, C. P. A., relates merely to an issue of fact in the action proper and does not apply, in the Court’s opinion, to this preliminary issue. * * * The illuminating opinion of the late Surrogate Foley In re Erlanger’s Estate, 136 Misc. 784, 242 N. Y. S. 257, wherein he exhaustively explored this subject and traces its history, makes the concept clear that the narrow preliminary issue of the party status is not such right that remains inviolate under the constitution. That right [to jury trial] is reserved to actions, not motions or preliminary issues within the action proper.”
In view of the above, although it may be argued that it is desirable to have a jury trial on these preliminary questions where a qualified person is involved as well as where an insured person is the petitioner, the court is of the opinion that in order to give meaning to the words “in a summary manner ’ ’ contained in the statute and also in order to expedite the movement of cases on the calendar of this court, that the hearing be held without a jury.