STATE v. JOHN GRIMES.[1]

June 14, 1901.

Nos. 12,575—(9).

## Municipal Ordinance—Summary Prosecution.

City of Mankato v. Arnold, 36 Minn. 62, and subsequent cases, to the effect that in prosecutions under municipal ordinances it is within the power of the legislature to provide for trials of the accused in a summary manner, and without a jury, followed.

[1] Reported in 86 N. W. 449.

Fine or Imprisonment.

> The punishment prescribed by the ordinance in question was that, upon conviction of the offense therein provided for, the accused "be punished by a fine not exceeding $100 nor less than $10, or be imprisoned in the workhouse of the city of Minneapolis for a period not exceeding ninety days nor less than ten days." *Held*, that the municipal court was authorized to fine or imprison, in its discretion, under and within the limits of this provision.

Minutes of Court.

> *Held*, that the conviction and sentence in said court were clearly and distinctly stated in the minutes of the court, and also the offense of which conviction was had, and these minutes were sufficient as a judgment.

Defendant was convicted in the municipal court of Minneapolis, Kerr, J., of the offense of keeping a gambling house, and sentenced to imprisonment for ninety days in the city workhouse. From the judgment entered and from an order denying a motion for a new trial, defendant appealed. Judgment and order affirmed.

*Henry E. Barnes, Jr.*, for appellant.

*Frank Healy* and *Edward F. Waite*, for the State.

COLLINS, J.

In the municipal court defendant was convicted, and sentenced to ninety days' imprisonment in the city workhouse, of the offense described in the second paragraph of section 2 of an ordinance of the city of Minneapolis approved February 27, 1894, which paragraph reads as follows:

"No person shall keep any house or place, or suffer or allow any house or place to him or her belonging, or by him or her occupied, or of which he or she has the control, to be kept for the purpose of gambling or gaming or fraudulent practices, or to be kept or resorted to for the purpose of betting, or wagering any money or valuable thing on any game or device, or the happening of any event, or the result of any event."

He appeals from the judgment of conviction and sentence, and from a denial of his motion for a new trial. Upon appeal his counsel urges: First, that it was error to deny his demand for a jury trial; second, that the ordinance under which he was con-

victed does not authorize imprisonment in the workhouse without the option of a fine; and, third, that the judgment from which he appeals is void upon its face.

1. The first objection has been considered and disposed of in this court, in at least three cases, adversely to the present contention. It has been held in these cases that the constitutional provisions upon which counsel relies, in effect, that in all criminal prosecutions the accused shall enjoy the right to a trial by jury, are not applicable in prosecutions of offenses committed against village or city ordinances, and triable summarily by or before justices of the peace, or in the municipal courts of said municipalities. See City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531; State v. Robitshek, 60 Minn. 123, 61 N. W. 1023. That this court is in line with many others upon this proposition will be seen upon examination of 6 Am. & Eng. Enc. (2d Ed.) 978, and cases cited. Counsel for defendant has offered no new line of reasoning or argument in support of his contention, and we regard the question as foreclosed by the decisions hereinbefore mentioned, unless some point not hitherto suggested is presented for our consideration.

2. Prior to the passage of the ordinance in question, the acts therein prohibited were, if committed, punishable, under another ordinance, by fine, and, if this fine was unpaid, by imprisonment in the workhouse. It is conceded that while the older ordinance was in force the court could not sentence to imprisonment without the option of a fine. But on February 27, 1894, this ordinance was amended and the clause therein prescribing punishment was made to read as follows:

"Any person who shall violate any provision of this ordinance, shall, upon conviction thereof, before the municipal court of said city, be punished by a fine not exceeding $100 nor less than $10, or be imprisoned in the workhouse of the city of Minneapolis for a period not exceeding ninety days nor less than ten days."

The contention of counsel is that this language should be construed as meaning that the punishment shall be by a fine not exceeding $100 nor less than $10, or, in default of payment of such

fine, by imprisonment for a period not exceeding ninety days and not less than ten days. The alteration in that part of the ordinance prescribing the imprisonment is significant, and has some purpose and meaning. If it was not designed to empower the court to fine or imprison, in its discretion,—to allow and authorize the infliction of a money fine, or, instead thereof, a term of confinement in the workhouse,—it means nothing at all, and was superfluous. The marked change in the language used clearly shows that, with express intent, the penalty attached was made in the alternative, fine or imprisonment, as deemed best by the court, in the exercise of its discretion. This noticeable departure from the previously existing policy when offenders were convicted rendered all prior provisions as to punishment functus officio. The new superseded the old, and obviously was so designed.

3. From the minutes of the court, as certified up, the nature of the offense charged clearly and definitely appeared, and that defendant was adjudged guilty, and sentenced to be imprisoned in the workhouse in the city of Minneapolis for a term of ninety days. We fail to see wherein these minutes of the conviction and sentence, as entered by the clerk, are defective or insufficient. The entries would have been sufficient in district court under G. S. 1894, § 7398, in effect that, when judgment upon conviction is rendered, the clerk of the court shall enter the same upon his minutes, stating briefly the offense for which the conviction is had. The record was ample and complete in this respect.

Order and judgment affirmed.