## STATE EX REL. JOHN CHARLES McGUIRE v. RALPH H. TAHASH.

109 N. W. (2d) 762.

June 16, 1961—No. 38,473.

*John Charles McGuire,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of Minnesota State Prison.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of Washington County denying relator's petition for a writ of habeas corpus.

Relator was charged by information filed in the District Court of Hennepin County on October 10, 1952, with the crime of robbery in the first degree. The minutes of the clerk of said court show that the public defender was appointed to represent relator and that relator, with his counsel, appeared before the court on October 15, 1952.

He was then arraigned, and he entered a plea of guilty to the crime of which he was charged in the information and was thereafter sentenced to an indeterminate term in the State Reformatory at St. Cloud. He was later transferred to the State Prison at Stillwater.

Upon the petition of relator, the District Court of Washington County, on March 10, 1961, issued its order to show cause why a writ of habeas corpus should not be issued, directed to the acting warden of the State Prison. After a hearing on the order to show cause, the court denied the petition on April 20, 1961. The appeal here is from such order.

As near as we can determine from relator's petition and brief, it is his contention: (1) That the court lacked jurisdiction to pronounce sentence because he had never entered a plea of guilty; (2) that the court failed to adjudge him guilty of any crime before pronouncing sentence; and (3) that his counsel was inadequate and incompetent.

■ At the outset, it should be noted that this appeal is taken under Minn. St. 589.29 and 589.30. The latter section was amended by L. 1961, c. 660. Prior to the amendment, appeals to this court from a district court in a habeas corpus proceeding were heard here de novo.[1] They now come here on appeal the same as any other appeal in a civil matter. Consequently, the findings of the court below are entitled to the same weight as in any other case and are to be sustained if there is reasonable evidence to support them. The claims of relator will therefore be considered in the light of the trial court's findings. Among other things, the court found:

"On October 15, 1952, the petitioner herein appeared in that court and was duly arraigned on such information and pleaded guilty to the charge in such information contained, and the judge of that court then and there presiding, the Honorable Paul S. Carroll, then duly adjudged the defendant guilty of the crime so charged: robbery in the first degree, and on the following day, October 16, 1952 pronounced sentence upon him as punishment for the crime aforesaid of which he had been convicted: that he be imprisoned in the State Reformatory at St. Cloud,

---

[1] 8 Dunnell, Dig. (3 ed.) § 4142.

Minnesota, until he should have been thence discharged by due course of law or by competent authority."

■ Relator contends that the court reporter's transcript of the proceedings prior to sentence fails to show any plea of guilty. The certified copy of the minutes of the clerk which was submitted by respondent in connection with his return and was before the trial court at the time the above findings were made does show such plea, as well as an adjudication of guilt. The minutes of the trial court are kept pursuant to law[2] and, as such, are prima facie evidence of the facts required or permitted by law to be so recorded. § 600.13. The minutes of the clerk, as far as here material, read:

"That said defendant, in his own proper person, was, thereafter and on the 15th. day of October A. D. 1952, duly brought before said Court, in open Court, for arraignment upon said information and then and there * * *.

"* * * said defendant, in his own proper person, before said Court, in open Court, was duly arraigned upon said information and thereupon duly pleaded Guilty as charged.

* * * * *

"That thereafter and on the 16th. day of October, A. D. 1952, said defendant, in his own proper person—being then before said Court, in open Court—the Court, the Honorable Paul S. Carroll, of the City of Minneapolis, in said County and State, Judge, presiding, did, in accordance with said last plea, duly adjudged said defendant guilty of said crime of Robbery in the First Degree, and thereafter and on the 16th. day of October, A. D. 1952, pronounced sentence upon said defendant—as punishment for the commission of said crime—as follows, to-wit:

"It is considered and adjudged that you, John Charles McGuire as punishment for the crime of Robbery in the First Degree of which you have been convicted in this cause, be imprisoned in the state reformatory at St. Cloud, State of Minnesota, until you shall have been thence discharged by due course of law or by competent authority."

[2]See, for instance, Minn. St. 631.40, 630.37.

A copy of the court reporter's notes, to which relator has reference, deals only with the examination of relator which customarily is made preliminary to the imposition of sentence.

The minutes of the court are evidence of the plea entered and the adjudication of guilt. In State v. Grimes, 83 Minn. 460, 463, 86 N. W. 449, 450, we said:

"From the minutes of the court, as certified up, the nature of the offense charged clearly and definitely appeared, and that defendant was adjudged guilty, and sentenced to be imprisoned in the workhouse in the city of Minneapolis for a term of ninety days. We fail to see wherein these minutes of the conviction and sentence, as entered by the clerk, are defective or insufficient. The entries would have been sufficient in district court under G. S. 1894, § 7398 [now Minn. St. 631.40], in effect that, when judgment upon conviction is rendered, the clerk of the court shall enter the same upon his minutes, stating briefly the offense for which the conviction is had. The record was ample and complete in this respect."

The same is true here. We see no merit to relator's contention that he did not plead to the information or that the court failed to adjudge him guilty of the crime of which he was charged. Apparently he readily admitted the commission of the crime at his examination prior to imposition of sentence and still does in his brief. In his brief he says:

"In the instant case society got the right man by the wrong methods and now is determined to keep him rather than accept the fact that he deserves relief due to his allegations made and proved in petition for writ of habeas corpus."

With respect to his claim that he was inadequately represented by counsel, we likewise fail to discover any merit in his petition. His statements are in generalities only, except that he says that prior to entering a plea of guilty he was informed that if he did plead guilty he would get a light sentence for his cooperation and that he would be committed to the Youth Conservation Commission. He then knew that he was too old to be so committed, but, aside from that, the transcript of the examination of relator by the court prior to the imposition of

sentence shows clearly that he knew that he was going to be sentenced to the reformatory at St. Cloud. After examining relator concerning the commission of the offense, the court said, among other things:

"I don't think there are any more questions I want to ask. The reason I am not asking any more is that we are having a presentence investigation. I am going to send these boys up to St. Cloud, because I don't feel I could do anything else. After they are there it is up to them to show that they can pull themselves together and get out on parole. I don't want to go wasting a lot of their time up here in jail without any hope of probation."

Much more was said by the court to relator and the codefendants who were charged with him in the commission of this crime. He informed them that in view of the fact that they had used a gun in the commission of the crime there was no hope of probation. Clearly, relator, under this record, understood what he was doing, as did his counsel, at the time he entered his plea of guilty.

An examination of the entire record here discloses that the findings of the trial court that there has been no violation of relator's constitutional rights are amply supported by the evidence. Further, it appears clearly that the court had jurisdiction of the person of relator and of the offense charged. At best, the complaints of relator relate to minor irregularities only. Such matters cannot be raised on a petition for a writ of habeas corpus.[3] We fail to see any merit in the petition whatsoever.

Affirmed.

---

[3] State ex rel. Elms v. Brown, 149 Minn. 297, 183 N. W. 669.