## STATE EX REL. FRANCIS E. CAMPBELL v. RALPH H. TAHASH.

112 N. W. (2d) 37.

November 3, 1961—No. 38,483.

*Francis E. Campbell*, pro se, for appellant.

*Walter F. Mondale*, Attorney General, and *Charles E. Houston*, Solicitor General, for respondent, acting warden of State Prison.

NELSON, JUSTICE.

This is an appeal from an order of the district court denying a petition for a writ of habeas corpus.

Relator was arraigned in the District Court of Hennepin County on an information charging him with grand larceny in the second degree. He entered a plea of not guilty at the time of the arraignment. Thereafter he appeared before the court and indicated that he wished to withdraw his plea of not guilty and enter a plea of guilty. While it does not appear that a formal plea of guilty was entered, the record nevertheless discloses that in response to the question: "Is that your desire to change the plea of not guilty to guilty as charged to Larceny and in the

2nd degree at this time?" relator answered: "Yes." It appears that relator was thereupon arraigned upon a second information charging one prior conviction and in effect waived the reading of such information. The record, however, does not disclose that he was required to admit his identity or plead thereto.

According to his petition, relator was placed upon probation but he violated the conditions thereof and is now confined at the State Prison at Stillwater pursuant to a warrant of commitment.

This is the second petition for a writ of habeas corpus filed by relator in the Washington County District Court. He filed his first petition, based upon practically the same facts, on June 1, 1960. At that time he asserted that his imprisonment was unlawful and based his claim for the issuance of the writ on 11 counts set forth in a petition of 12 pages. His main contentions were that the sentence was fatally defective in that it was indefinite and that the court had imposed an indeterminate sentence and had fixed no maximum. Another contention was that when relator appeared before the trial court he was not required to formally admit his guilt. The record, however, indicates fully that he did in effect do so.

The judge who considered and denied the first petition explained in a memorandum that if the sentence lacked clearness by reason of omission of the words "according to law" such an omission was merely an error in form and did not render the sentence void or subject it to collateral attack by habeas corpus, citing Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627.

In disposing of the contention that relator was not required to formally admit his guilt, the court pointed out that in effect he nevertheless did so and therefore found the contention without merit, citing in support of that conclusion State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99.

The first petition alleged that counsel appointed for relator had given ineffective and perfunctory representation, but the court held that in so far as the allegation raised any issue of fact, it was rebutted by the record of what transpired between relator and his attorney at the time sentence was imposed. The court also found other allegations without

merit under the rules established by this court in State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277, and State ex rel. Cobb v. Rigg, 251 Minn. 208, 87 N. W. (2d) 363. The court concluded its memorandum by stating that in the opinion of the judge relator was properly convicted of the crime of grand larceny in the second degree, which pursuant to Minn. St. 622.06 carries a penalty of 5 years imprisonment in the State Prison; that he had as of the date of the hearing served 2 years, 1 month, and 8 days; and that, therefore, his application for release was premature and it was not necessary for the court to consider relator's contentions relating to the invalidity of the increased punishment by reason of his one prior conviction. It cited State ex rel. Richter v. Swenson, 241 Minn. 414, 416, 63 N. W. (2d) 265, 266, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117; State ex rel. Adams v. Rigg, 252 Minn. 283, 289, 89 N. W. (2d) 898, 904, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; State ex rel. Soward v. Rigg, 256 Minn. 140, 97 N. W. (2d) 468.

The court's conclusion was that the first petition did not show probable cause why a writ of habeas corpus should issue, and the petition was denied. No appeal was taken.

The present attempted appeal is from the order denying the second petition for a writ of habeas corpus. This petition, filed April 21, 1961, in substance sets forth the same claims as relator alleged in the petition which had been denied. The court held that the matter was res judicata, correctly citing State ex rel. Perkins v. Utecht, 232 Minn. 116, 44 N. W. (2d) 113. In the Perkins case this court held that where, in a petition for writ of habeas corpus, the same set of material facts was set out as was considered on a former appeal and no new question of substance is raised, the doctrine of res judicata applies. Since here the second petition contains the same set of material facts as was contained in the first petition, no new question of substance has been raised.

The state now moves this court for an order dismissing what it terms the attempted appeal upon the ground that it is wholly ineffective for the following reasons: (1) That the notice of appeal fails to specify the order or judgment from which the appeal is taken; (2) that it fails to specify the court to which the appeal is taken; and (3) that it fails to

specify the court from which the appeal is taken. The motion is made upon the ground also that the notice of appeal fails to comply with Minn. St. 605.03 as required by § 589.29.

Without ruling on this motion, we will consider the question whether the second petition for a writ of habeas corpus alleges facts which required the court considering the same to order that a writ of habeas corpus should issue. This question was answered by the district court in the negative.

The petition alleges that the petitioner is unlawfully imprisoned by respondent warden; that the record shows that he withdrew his plea of not guilty and pleaded guilty as charged; and that he also pleaded guilty to one prior conviction. It further alleges that he was adjudged guilty of grand larceny in the second degree and one prior conviction, whereupon the district court imposed the sentence; that he thereafter violated the probation imposed by the court; and that the stay of sentence that had been granted was vacated and this resulted in his being committed.

The state contends that in view of the foregoing allegations relator's second petition clearly defeats itself since it shows the justification for his imprisonment. The state contends also that relator's argument that he did not enter a formal plea of guilty is defeated by the copy of the clerk's minutes on conviction and sentence, attached to his petition and made a part thereof, which show that he "withdrew his plea of Not Guilty and thereupon pleaded guilty as charged." The state claims that this recital is fatal to his present contentions, citing State ex rel. McGuire v. Tahash, 260 Minn. 334, 109 N. W. (2d) 762.

The second petition makes reference to the denial of the first petition. The state contends that since no appeal was taken from the first order it has become the law of this case.

Relator alleged in his first petition to support his claim that the judgment and sentence entered against him was fatally defective:

"(1) The judgment and sentence is fatally defective on the face of the record; that it lacks the requisite definetness and certainty required by law, that it fails to specify a penalty; whether petitioner had been sentenced 'according to law' (under the Indeterminate Sentence Law) or to a definate term of years as specified in the Statute.

"(2) The Court failed to caution or advise petitioner of his legal rights upon taking of a guilty plea.

"(3) Petitioner did not enter a formal plea of guilty to Grand Larceny, 2nd degree.

"(4) No intent to deprive party of his property was ever established.

"(5) Court-appointed counsel failed to protect petitioner's rights; that he rendered ineffective and perfunctory advise; that said counsel cross-examined petitioner in a highly prosecutive manner and to his harm. *"Prior Conviction.*

"(6) Petitioner did not enter a plea to the prior conviction.

"(7) The prior conviction was not established as being a *felony* conviction; the informal inquiry and the arraignment of petitioner upon said prior conviction failed to elicit the necessary information to prove that petitioner was guilty of a prior felony conviction.

"(8) Your petitioner was arraigned upon the alleged prior conviction *before* he had been adjudged guilty of the instant crime, Grand Larceny, 2nd degree; that he did not then *'Stand Convicted'* of a felony when the Information charging prior conviction was filed with the court and the petitioner arraigned thereon as required by M. S. A. 610:31."

The transcript of his trial which relator furnished with his petitions, as far as here material, reads as follows:

"Mr. Goulett [for the State]: 'Francis Campbell, it is my understanding from counsel for defendant, that defendant at this time wishes to withdraw his plea of not guilty, as previously entered, and change the plea to guilty as charged to Larceny in the 2nd degree?'

"The Clerk: 'Is that your desire to change the plea of not guilty to guilty as charged to Larceny in the 2nd degree at this time?'

"The Defendant: 'Yes'.

"Mr. Goulett: 'State moves the arraignment of this defendant on one prior conviction.'

"The Clerk: 'An Information has been filed against you under the name of Francis Campbell. Do you have a middle name?'

"The Defendant: 'My middle name is Everett.'

"The Clerk: 'The prior conviction charges you with one prior con-

viction. Do you understand what it is, or do you want me to read it to you?'

"The Defendant: 'I know what it is.' "

The defendant was thereupon duly sworn and examined by the court. After the court had completed its questions, it asked relator's counsel if he wished to question relator, and the following occurred:

"Q [by Mr. Lohmann]: You and I discussed the charge brought against you?

"A: Yes.

"Q: I explained to you, your right to a jury trial?

"A: Yes.

\* \* \* \* \*

"Q: You went into a house, friend of yours, and took some small articles and went out with them?

"A: Yes.

"Q: You were highly intoxicated at the time?

"A: Yes, I was arrested that day for drunkness.

"Q: That is the charge for drunken driving?

"A: Yes.

"Mr. Lohmann: That is the situation, your Honor."

The court then asked the following:

"Q: You don't know where the articles are you took?

"A: I couldn't find them if I wanted to.

"Q: It was a Toaster?

"A: Yes.

"Q: And small household goods?

"A: Yes.

"The court: 'All right, stand here.'

" 'It is considered and adjudged that you, Francis Campbell, as punishment for the crime of Larceny in the 2nd degree, to which you plead guilty, and to the prior conviction, to which you plead guilty, shall be confined at hard labor at Stillwater, at the State Penitentiary, Stillwater, Minn., until from thence discharged by due course of law or competent authority.

" 'The sentence will be stayed for four years, and you will be placed on probation, depending that you spend the first year at the Workhouse at Parkers Lake, Minnesota.' "

The minutes of the court, which here show that defendant pleaded guilty, are evidence of the pleas entered and the adjudication of guilt. See, State v. Grimes, 83 Minn. 460, 463, 86 N. W. 449, 450; State ex rel..McGuire v. Tahash, *supra.* The transcript of the proceedings also would indicate the relator readily admitted the commission of the crimes at his examination prior to imposition of sentence, and he still does so in both petitions for writ of habeas corpus. We therefore see no merit in relator's contention that he did not plead to the informations or that the court failed to adjudge him guilty under each charge contained in them.

With respect to his claim that he was inadequately represented by counsel, we likewise fail to discover any merit in his contentions. He was accorded the right of being represented by the public defender, who was present in court, informed relator of all his rights, and carefully guarded his interests. An examination of the entire record discloses that there has been no violation of relator's constitutional rights. It appears that the sentencing court had jurisdiction of the person of the relator and of the offenses charged. At best the complaints relate only to minor irregularities which cannot be raised on a petition for a writ of habeas corpus. That applies to the record in both proceedings. Since no appeal was taken from the first order denying habeas corpus, it became the law of the case and the matters determined therein are now res judicata. The court at the hearing on the second petition properly took judicial notice of the contents of the file in the proceeding had on the first petition and reached the conclusion that the same claims were being alleged in both petitions.

Since relator has attached to and made a part of the present petition the warrant of commitment and the minutes of the conviction and the sentence imposed upon him, we have no difficulty in concluding that the petition is sham and frivolous and shows on its face that it is without merit.

As noted by the court in the McGuire case, Minn. St. 589.30, relat-

ing to the hearing of appeals in habeas corpus proceedings, was amended by L. 1961, c. 660. The result is that the proceedings now before the court are not here de novo but on appeal, the same as in any civil action. The findings of the trial court are therefore entitled to the same weight as in any other case and are to be sustained if there is reasonable evidence to support them. The findings of the trial court in the instant proceeding, adverse to the contentions of the defendant, are more than amply supported by the files and records herein.

The order appealed from is affirmed.

Affirmed.