# HILDRED TURESON v. ALLEN E. TURESON AND OTHERS.

160 N. W. (2d) 552.

July 26, 1968—No. 41,018.

*Brink, Sobolik & Severson,* for appellants.

*Padden, Dickel & Johannson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This appeal is from a judgment of the Kittson County District Court

restoring to Hildred Tureson custody of her minor children after she had secured a writ of habeas corpus for the purpose of obtaining such custody from appellants, Allen Tureson, Eddie Tureson, and Elaine Tureson.

Captain Allen Tureson and Hildred Tureson were married in South Carolina on August 25, 1961. This marriage resulted in the birth of two children, Rickie Ann and Jacqueline Ann. The temporary custody of these two children is the basis for the present habeas corpus proceeding.

Prior to his entry into the United States Army as a private, Allen Tureson was domiciled in Hallock, Kittson County, Minnesota. While in the Army, he met and married Hildred. Because of Allen's military career, he and his wife were transferred to various military locations, including one in Virginia and one in Japan. Allen and Hildred lived together after their marriage until June 1965, when marital difficulty led to their separation. Hildred returned to her home in Youngstown, Ohio, and took the two children with her. For approximately 2 years thereafter, Allen was stationed at Fort Holabird in Baltimore, Maryland. During this period, he would visit his family on weekends at Youngstown.

On June 6, 1967, Hildred commenced an action for divorce in Ohio by substituted service. Thereafter, on June 10, Allen and his brother removed the children from the home of Hildred in Youngstown and transported them to the home of Allen's parents, Eddie and Elaine Tureson, in Hallock, Minnesota. Hildred did not consent to any permanent removal of the children. Subsequently, on June 13, 1967, Allen commenced an action for divorce against his wife in Kittson County, Minnesota.

On June 22, 1967, Hildred obtained an order from the Court of Common Pleas for Mahoning County, Ohio, awarding her temporary custody of the two minor children. This order was apparently issued pursuant to Ohio Rev. Code, § 3105.14, which provides:

"On notice to the opposite party of the time and place of the application, the court of common pleas * * * for good cause shown, supported by satisfactory proof, * * * may make an order for the custody, support, and care of minor children of the marriage * * * during the pendency of the action for divorce, * * *."[1]

---

[1] It should be noted that this provision does not require any service of

Hildred later petitioned the District Court of Kittson County for a writ of habeas corpus seeking to enforce the Ohio court order. An authenticated order of the Ohio court order was filed with the petition. The writ was issued on July 10, 1967, requiring Allen and his parents to appear before the court on July 17 and to show why they retained the custody of the two children. After the hearing, judgment was issued ordering the custody of the two children be restored to Hildred and permitting her to transport them to her home in Youngstown. In its order for judgment, the district court specifically found that prior to June 10, 1967, the children were actually living and domiciled within the State of Ohio; that Allen surreptitiously removed them from Ohio without the consent of their mother; and that the order of the Court of Common Pleas in Ohio was entitled to full faith and credit in the State of Minnesota.

■ Appellants contend that the Minnesota district court erred in not giving them a full hearing on the merits of the matter before it. They cite Thompson v. Thompson, 238 Minn. 41, 55 N. W. (2d) 329, for the proposition that an order changing the custody of children should be based upon a hearing in which witnesses may be cross-examined and in which a record is made which effectively may be reviewed on appeal. That case further states that one who seeks to modify a decree relating to custody is entitled to a hearing on presenting adequate grounds for modification.

However, it should be noted that the question in the Thompson case was whether either party is entitled to a formal hearing on an original motion in a Minnesota court to modify a custody decree. In the instant case the original motion for custody was made and granted in an Ohio court. The hearing before the Minnesota court did not involve a motion to modify that custody decree. Rather, it involved a petition for habeas corpus to enforce the Ohio order.

We have held that although in habeas corpus proceedings the court is called upon to determine the rights of the parties upon existing facts, "[i]f it appears that such rights have been fixed and determined by a valid judg-

process. Appellants' claim that the Ohio custody order was invalid because service of process in Hildred's divorce action had not been completed would therefore seem to be without merit.

ment, the court will give effect to that judgment." State ex rel. Pappenfus v. Kourtz, 173 Minn. 177, 181, 216 N. W. 937, 939. Accord, State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31.

Thus it appears that in the Minnesota court proceedings, which were in the form of habeas corpus proceedings to enforce a custody order of an Ohio court rather than a proceeding to determine or modify custody rights, it was not essential under the Thompson case that appellants be given an opportunity to cross-examine witnesses or to present evidence.

Furthermore, there is nothing in the record indicating that appellants were not permitted to present evidence. Appellants, their counsel, and the two children were all present in the courtroom during the habeas corpus proceedings. Appellants' counsel carefully cross-examined Hildred, the only witness placed on the stand by either party. At that time appellants had an opportunity to present whatever evidence they wished to present, but they did not do so. Finally, appellants did submit three affidavits, all of which were presumably before the district court at the time it made its findings and conclusions and order for judgment.[2] Accordingly, we find no merit in appellants' first contention that the Minnesota court erred in not giving them a full hearing on the merits of the matter before it.

■ Appellants also contend that at the time of the Ohio court order granting custody of the children to Hildred, the children had been taken out of Ohio to Minnesota; the Ohio court was therefore without jurisdic-

---

[2] In the first affidavit of Allen Tureson, he stated that he has at all times desired and attempted to make a home for the family and that he can provide a good home for the children with his parents. He stated that his wife does not particularly want the children but only uses them as a means of getting money from him.

In his second affidavit Allen stated that he is now and always has been a resident of Kittson County, Minnesota; that Hildred had told him she only planned to live with him for 4 or 5 years after the marriage; and that after she returned to Youngstown with the children she did a lot of drinking at taverns, leaving the children with a babysitter.

Allen's parents in their affidavit stated that Hildred did not wish to make a proper home for her family; that they knew Hildred liked to drink and go out with men; and that they were willing and able to give the children a good home.

tion; and, consequently, its determination of custody is without effect in Minnesota.

It is well established in this state a proceeding to determine the custody of a minor child is in the nature of an action in rem, the res being the status of the minor, and only the court of the state in which the minor is domiciled can fix or change that status. State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329; Willmore v. Willmore, 273 Minn. 537, 143 N. W. (2d) 630, certiorari denied, 385 U. S. 898, 87 S. Ct. 202, 17 L. ed. (2d) 130. The domicile of a person is the place with which the person has a settled connection for legal purposes, either because his home is there or because it is assigned to him by law. State ex rel. Carlson v. Hedberg, 192 Minn. 193, 256 N. W. 91.

The record in the instant case indicates that Hildred was born and raised in Youngstown, Ohio. After her marriage, she lived for short periods in other areas. In 1965 she took the two children and returned to Youngstown to stay. She and the two children lived together in Youngstown for a period of approximately 2 years until the time the children were taken by Allen to Minnesota. The record also indicates that during this 2-year period Allen would return to Youngstown on weekends to visit the family and that he had no objection to this arrangement until just prior to the proceedings in question.

In view of this evidence, the Minnesota court found that both prior to and after the children were taken to Minnesota they were actually living in and domiciled within the State of Ohio. It appears that this finding of the district court should be sustained. We have recognized that where a married woman acquires a domicile separate from her husband and takes the children with her to her domicile, the domicile of the mother determines the domicile of the children. Willmore v. Willmore, *supra*. In that case it was recognized that since a mother has as much right to the children as a father, there is no reason why she may not establish the domicile of her children in the state to which she moves with the children.

Although Allen took the children out of Ohio and to Minnesota on June 10, 1967, the fact that the children were thus not physically present within Ohio on June 22, when the Ohio court granted its custody order, does not destroy the jurisdiction of the Ohio court. The surreptitious re-

moval of children from the state in which they were domiciled prior to the issuance of a custody order by a court of that state has been held not to transfer the domicile of the children. State ex rel. Glasier v. Glasier, 272 Minn. 62, 137 N. W. (2d) 549.

It is our opinion that in the instant case the domicile of the two children was the State of Ohio at the time the Ohio court issued the temporary custody decree. Thus the Ohio court had jurisdiction over the status of the children and was the proper court to determine the custody of the children. See, State ex rel. Larson v. Larson, *supra.*

Although it is not clear whether the full faith and credit clause or the principles of comity are applicable in situations such as this, it is nevertheless recognized by this court that custody decrees of a sister state will generally be given effect in this state if the state granting the decree had proper jurisdiction. State ex rel. Glasier v. Glasier, *supra.* Since there were no circumstances here requiring the Minnesota court to disregard the temporary custody decree of the Ohio court, the issuance of the writ of habeas corpus and the order returning custody of the two children to Hildred was proper.

■ Appellants claim that the record of the proceedings before the Minnesota court does not support the findings of fact, conclusions of law, and order for judgment of that court. Appellants argue specifically that there was no evidence supporting the findings that Allen had surreptitiously removed the children from Hildred's home and that the children were living in and domiciled within the State of Ohio. However, the record indicates that appellants through their attorney conceded that the children were taken from Ohio and that no permission was given for their permanent removal from the home of their mother. Furthermore, as noted above, the record does contain evidence upon which the court properly found that the children were domiciled within Ohio both before and after they were physically removed to Minnesota.

Appellants acknowledge the rule set out in State ex rel. Campbell v. Tahash, 261 Minn. 252, 112 N. W. (2d) 37, that in a habeas corpus appeal the findings of the trial court are entitled to the same weight as in other cases and are to be sustained if there is reasonable evidence to support them. They argue, however, that there is no basis in the record here

to support the findings, conclusions, and order for judgment, urging that we remand the case to the trial court for a full hearing on the merits. There would be weight in their argument if we were considering a motion to change the custody decree of a Minnesota court, but there is not where we are reviewing a habeas corpus proceeding to enforce an order of the Ohio court.

Affirmed.