**Myron THOMALE, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 47867.

Supreme Court of Minnesota.

Dec. 16, 1977.

Myron Thomale, pro se.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, Sp. Asst. Atty. Gen., Wyman A. Nelson, County Atty., Buffalo, for respondent.

PER CURIAM.

This is a pro se appeal from an order of the district court denying a petition for postconviction relief from a judgment of conviction of aggravated assault, Minn.St. 609.225, subd. 2, a conviction which was based on petitioner's negotiated guilty plea. We affirm.

Petitioner, who is incarcerated at the State Prison for a 3- to 5-year term, has failed to comply with Rule 128, Rules of Civil Appellate Procedure, which deals with the form and contents of an appellate brief and applies to criminal appeals by virtue of Rule 29.02, Rules of Criminal Procedure. Because petitioner is a nonlawyer acting as his own attorney,[1] we have disregarded his failure to file a proper brief—see, *State, on Behalf of Barrett v. Korbel*, 300 Minn. 563, 221 N.W.2d 125 (1974)—and have reviewed the entire file on appeal in an attempt to understand the issues raised in petitioner's brief and determine whether they have any merit.

Petitioner's claims include: That he was denied law books and kept in solitary confinement for a few days during the period of jail confinement preceding the entry of his guilty plea; that his attorney did not represent him adequately at the time of the entry of the plea; that the court illegally corrected his sentence by reducing the maximum term from 6 years to the 5 years permitted by Minn.St. 609.225, subd. 2; that the court illegally corrected his sentence to reflect the original date of sentence, January 23, 1975, rather than January 25, 1975; that he has been improperly prevented by prison authorities from communicating with attorneys; and that he has been denied the right to have witnesses appear in his behalf. Our careful review of the entire file, including all the available transcripts, convinces us that the district court properly denied the petition for postconviction relief.

Affirmed.

---

1. During the pendency of this appeal we advised petitioner of his right to seek assistance from the office of the state public defender in pursuing his appeal—see Rule 29.02, subd. 7, Rules of Criminal Procedure—and we offered to delay decision of this appeal until after the filing of a supplementary brief by the public defender. Petitioner has not responded.