**Gregory M. PAYNE, Petitioner, Respondent,**

v.

**Robert A. ERICKSON, etc., et al., Appellants.**

No. C2–86–1907.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Granted March 18, 1987.

Gregory M. Payne, Pro Se.

Hubert H. Humphrey, III, Atty. Gen., Richard L. Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, for appellants.

Heard, considered and decided by RANDALL, P.J., FOLEY and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

The State appeals from an order stemming from a habeas corpus petition in which the trial court found that the State had not proven that weekly reviews of an inmate placed in administrative segregation were conducted. We reverse.

## FACTS

On February 19, 1986 Gregory Payne was placed in the administrative segregation unit at the Minnesota Correctional Facility at Stillwater (MCF–STW). He was placed there pending an investigation into

whether Payne was involved in a swindling scheme. The investigation looked into allegations that Payne and another inmate began a fundraising activity called "Share Bear," where temporary employees were hired to wear bear costumes and solicit donations, purportedly to raise money to buy food and clothing for the poor. Their activities were allegedly conducted by telephone while in prison. In the administrative segregation unit Payne was denied telephone privileges, but was allowed to talk to his attorney.

On March 14, 1986 Payne petitioned for a writ of habeas corpus. The Washington County District Court held a hearing on May 23, 1986. By this time Payne was released from administrative segregation. The district court found that the matter was not moot under *Vitek v. Jones*, 445 U.S. 480, 487, 100 S.Ct. 1254, 1260–61, 63 L.Ed.2d 552 (1980). The court reviewed the administrative segregation policy and found that four of the eight required reviews had not been conducted. The court concluded that Payne was entitled to the procedure set out in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973), prior to being placed in administrative segregation and that he was entitled to a hearing if placed in administrative segregation in the future.

The State moved for amended findings and on October 2, 1986 the trial court amended its order. The court concluded that pursuant to *Hewitt v. Helms*, 459 U.S. 460, 475–77, 103 S.Ct. 864, 873–74, 74 L.Ed.2d 675 (1983) placement in administrative segregation need only be safeguarded by an informal nonadvisory review and thus the full panoply of procedures in *Wolff* were not required. The court, however, reaffirmed that prison officials did not establish that reviews were conducted on March 26, April 2, 9 or 16, 1986, and thus violated Payne's due process rights.

The State had argued in its motion for amended findings that there was no basis for finding that Payne was not reviewed on those dates because the frequency of reviews was never at issue. The State offered to demonstrate that Payne was reviewed on those dates if the trial court wished to reopen the record, but the trial court declined. The State appeals from this order apparently because of concerns for the potential res judicata effect of a § 1983 action Payne filed in federal court.

## ISSUE

Does the record support the trial court's finding that prison officials failed to conduct weekly reviews of an inmate placed in administrative segregation?

## ANALYSIS

Section A–7 of the MCF–STW policy and procedures concerning administrative segregation requires that an inmate's status be reviewed every seven days for the first 60 days and at least monthly thereafter until termination of status. Payne, however, never contended that his status was not reviewed on the dates in question. Payne introduced copies of the administrative segregation memoranda of February 19 placing him in administrative segregation and the reviews on February 26, March 5, March 12 and March 19, which indicated the investigation into Share Bear was continuing and that Payne should remain in administrative segregation. Payne also introduced the last May 16, 1986 review terminating administration segregation. Payne did not introduce any documentary evidence or testimony that he was not reviewed on other dates.

Payne had the burden of establishing a violation of his rights at the habeas corpus proceeding. *See State ex rel. Gowdy v. Tahash*, 284 Minn. 528, 169 N.W.2d 30, 31, *cert. denied*, 396 U.S. 993, 90 S.Ct. 490, 24 L.Ed.2d 456 (1969). In reviewing the trial court's findings we must determine whether those findings are supported by reasonable evidence. *Tureson v. Tureson*, 281 Minn. 107, 112, 160 N.W.2d 552, 556 (1968).

The trial court's finding that reviews were not held is not reasonably supported by the evidence. The only evidence

to suggest that the reviews were not held was the absence of memorandums regarding the dates in question. This is not enough. Furthermore, the State did not have to produce evidence that the reviews were held since Payne never raised frequency of the reviews as an issue. It is error to use the absence of evidence of reviews as the basis for decision. Even if general allegations in Payne's petition that applicable rules and regulations were not followed when he was placed in administrative segregation are construed to allege the lack of weekly reviews, allegations are not proof of the facts they assert. *State v. Swenson,* 242 Minn. 570, 573, 65 N.W.2d 657, 659–60 (1954).

## DECISION

The trial court's finding that prison officials failed to properly review Payne's administrative segregation status is not supported by reasonable evidence. Where lack of reviews was not alleged by the inmate, the State did not have the burden of establishing that reviews were conducted.

Reversed.

RANDALL, Judge, dissenting.

I respectfully dissent and would affirm the trial court's grant of a writ of habeas corpus to respondent. The majority finds the trial court erred by basing its decision on the absence of evidence on administrative reviews. It also states appellant's allegations cannot constitute proof of the facts he asserts. It finds the issue of frequency of hearings was not before the court. I do not agree. In his *pro se* petition, respondent specifically alleges that he was put in administrative segregation ("A-seg") without being afforded due process. He also alleges:

> [I was not afforded a] written report or hearing of any kind. [I] was not afforded the opportunity to look at any written reports, relating to * * * being placed in A-seg. * * * nor * * * afforded the opportunity to legal representation relating to [my] being placed in A-seg.

I think this allegation is sufficient to place the State on notice that, in order to rebut respondent's claim, it needed to produce evidence that hearings were held. This evidence would necessarily show the frequency of hearings, enabling the court to determine whether *Hewitt* was complied with.

Because respondent drafted his own petition and appeared *pro se,* greater leeway should be afforded to the trial court interpreting and ruling on appellant's petition. A liberal approach in construing appellant's pleadings is necessary to ensure fairness and protection of a *pro se* applicant's constitutional right to due process.

I concur with the trial court that respondent's *pro se* petition in the posture of this case was sufficient to raise the issue of whether administrative policy was complied with and place the burden of proof on that issue with the State. I would have affirmed the trial court on its factual findings and the legal conclusions it drew therefrom.