Gregory M. PAYNE, Petitioner, Appellant,

v.

Robert A. ERICKSON, etc., et al., Respondents.

No. C2–86–1907.

Supreme Court of Minnesota.

May 1, 1987.

Gregory Payne, pro se.

Hubert H. Humphrey III, Atty. Gen., Richard L. Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondents.

**SCOTT, Justice.**

This is a habeas corpus proceeding dealing with the issue of whether a prison inmate, Gregory M. Payne, was held in administrative segregation without due process.

On February 19, 1986, Payne was placed in administrative segregation pending an investigation into possible criminal misconduct by him in a swindling scheme. The scheme involved use of prison telephones to solicit money for a purported fund-raising drive for poor people. On March 14 Payne filed a pro se petition for habeas corpus, claiming among other things that he was being held in administrative segregation without due process. By the time the district court hearing was held on May 23, Payne had been released from administrative segregation. Payne offered in evidence copies of the original decision by the administrative segregation committee placing him in segregation; copies of decisions dated February 26, March 5, March 12 and March 19 each stating basically that a 7–day review had been held, that the investigation was progressing, and that the matter would be reviewed again in 7 days; and a copy of the decision dated May 16, made one week before the district court hearing, stating that Payne's administrative segregation status had been terminated. Payne did not expressly state at the hearing that he was complaining about lack of reviews between March 19 and May 16. However, the district court, after deciding that the matter was not moot (because it was possible that it could happen again), concluded (a) that the committee had not held an adequate hearing when placing Payne in administrative segregation and (b) that the committee had violated its own procedural rules and therefore due process by not conducting four weekly reviews that should have been conducted. The state moved for amended findings (a) pointing out that a fairly recent decision of the United States Supreme Court had held that placement in administrative segregation need only be safeguarded by an informal nonadversary review [*Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)] and (b) stating that Payne had not raised the issue of failure to hold weekly reviews and offering to demonstrate that weekly reviews for the weeks in question in fact had been conducted. The district court issued amended findings to the effect that the committee had acted properly in placing petitioner in administrative segregation but the court reaffirmed the determination relating to weekly reviews and declined to reopen and let the state demon-

strate that the weekly reviews for the weeks in question in fact had been conducted.

The state appealed to the Court of Appeals because it feared that the district court's decision, if left uncorrected, could be used by Payne, through the operation of res judicata principles, to obtain damages against the state in an action that he had filed in Federal District Court pursuant to 42 U.S.C. § 1983. The Court of Appeals, in a 2–1 decision, ruled that Payne, who had the burden of proof in the habeas corpus proceeding, had not specifically raised the issue of frequency of review and had not proven that the required reviews were not held. *Payne v. Erickson*, 399 N.W.2d 126 (Minn.Ct.App.1987). The dissent argued that Payne's general allegation that he was denied due process in being held in segregation was sufficient, given his pro se status, to raise the issue and that the state therefore had adequate notice that, in order to rebut the allegation, it had to produce evidence that the hearings were held. 399 N.W.2d at 128. The dissent concluded that the district court should be affirmed. *Id.* We granted the defendant's petition for review.

We agree with the Court of Appeals that petitioner did not specifically raise the issue of the frequency of review and that therefore the state normally would not have had to rebut the evidence submitted by petitioner suggesting, by negative inference, that weekly reviews were not held between March 19 and May 16. On the other hand, petitioner, who was representing himself, is not a lawyer. In the past we have made allowances, in certain contexts at least, for the fact that a criminal defendant or a prisoner representing himself on appeal is not a lawyer. *See, e.g., Thomale v. State*, 261 N.W.2d 353 (Minn. 1977) (postconviction proceeding in which we disregarded pro se appellant's failure to file a proper brief). In a similar vein, we believe that the trial court was free to construe liberally the allegations of the petition in this case as including the claim that some of the required weekly reviews were not held, provided that the state received notice of this and had an adequate opportunity to rebut any of petitioner's evidence bearing on this claim. It appears to us from the record that the state did not have adequate notice on this point and that, accordingly, the trial court should at least have granted the state's request, made after the filing of the first order, for permission to demonstrate that the informal weekly reviews for the weeks in question in fact had been conducted. We remand to the district court so that the state will have the opportunity to rebut the evidence suggesting that the reviews in question were not held.

Remanded to district court for further proceedings.